UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 18 CR 496 |
| v. | |
| FELICIA BRINSON | Honorable Virginia M. Kendall |

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE***

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully files its "Consolidated Motions *in Limine*" and states as follows:

**I. MOTION TO BAR EVIDENCE OR ARGUMENT RELATED TO PENALTIES FACED BY DEFENDANT**

The government respectfully moves this Court to preclude defendant from introducing evidence, making argument about, or otherwise mentioning the potential penalties faced by defendant, if convicted.

The Seventh Circuit has unequivocally held that "arguing punishment to a jury is taboo." *See e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *vacated in part on other grounds*, 526 U.S. 813 (1999); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997); *see also United States v. McKenzie*, 922 F.2d 1323, 1327 (7th Cir. 1991) ("[T]he sixth amendment requires that a jury determine questions of guilt or innocence; punishment is the province of the Court.").

Such argument or evidence concerning punishment is improper because the law is well-settled that the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See, e.g., Shannon v. United States*, 114

S.Ct. 2419, 2224 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'"). Furthermore, mention of the potential penalties faced by defendant would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial."); *United States v. Patterson*, No. 95 Cr 242, 1996 WL 54237, at *1 (N.D. Ill. Feb. 8, 1996) (prohibiting discussion of potential penalties in order to avoid possible jury nullification).

Accordingly, any evidence or argument related to the potential penalties faced by the defendant, if convicted, whether they invoke a specific reference to years or months of imprisonment, or general arguments and statements regarding the defendant's loss of liberty or freedom such as "the defendant is on trial for her life" or "the defendant's freedom hangs on the outcome of the jury's decision," should be prohibited.

## II. MOTION TO BAR FORMS OF ARGUMENT OR EVIDENCE DESIGNED TO ELICIT JURY NULLIFICATION

The government respectfully moves this Court to preclude defendant from arguing, or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification.

The law is plain that it is improper for a defendant to suggest in any way that the jury should acquit defendant even if it finds that the government has met its burden of proof. *See, e.g., United States v. Laguna*, 693 F.3d 727, 730-31 (7th Cir.

2

2012) (district court properly excluded evidence because, among other reasons, it had the potential to invite nullification); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."), citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir. 1988), and *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *see also, United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'"), quoting *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983); *see generally, Scarpa v. Dubois*, 38 F.3d 1, 11 (1st Cir. 1994) (noting that "defense counsel may not press arguments for jury nullification in criminal cases"); *Sepulveda*, 15 F.3d at 1190 ("Neither court nor counsel should encourage jurors to exercise [nullification] power. . . . A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."); *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir. 1983) ("Appellant's jury nullification argument would have encouraged the jurors to ignore the court's instruction and apply the law at their caprice. While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath").

Although the government is unable to anticipate each form of "jury nullification" argument or evidence that defendant may seek to interject into this

3

trial, the government notes at least the following common examples of jury nullification.

### A. Claims of Selective or Vindictive Prosecution

First, claims of an improper prosecution, such as selective or vindictive prosecution, provide no defense to the criminal charges, and are not relevant to the merits of the charge.

As the Supreme Court has plainly stated, "[a] selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.'" *Id.* at 464 (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Accordingly, evidence bearing on the government's decision to prosecute is "extraneous and collateral" and, thus, properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument").

Because claims of alleged misconduct on the part of the prosecutor or investigating agents are irrelevant to the merits of criminal cases, suggesting to the jury that alleged misconduct provides a basis for acquittal is an invitation for the jury to nullify. Because such allegations are irrelevant to the jury's decision, and serve no purpose other than to distract the jury from legally relevant matters,

4

they merely invite the jury to acquit the defendant without regard to admissible evidence. To the extent defendant wishes to raise these issues, she must raise them with the Court, not the jury. *See United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (finding that "the issue of selective prosecution is one to be determined by the court"); *United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983) (finding claims of selective prosecution must be raised before trial). To date, defendant has filed no pretrial motions claiming selective or vindictive prosecution, the only proper way of resolving such a claim. Accordingly, evidence and argument at trial related to these issues, in any form, should be barred by the Court as an attempt at jury nullification.

### B. Argument or Evidence of "Outrageous Government Conduct"

Similar to arguments related to selective prosecution, the Court should preclude any evidence or argument related to so-called "outrageous government conduct." The Seventh Circuit repeatedly has held that "[o]utrageous government conduct is not a defense in this circuit." *United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011) (citation omitted).

There is an "increasing tendency in criminal cases to try some person other than the defendant and some issues other than his guilt." *United States v. Griffin*, 867 F. Supp. 1347, 1347 (N.D. Ill. 1994) (internal citation omitted). The "thrust of the defense" in these types of cases "is this: the prosecution was not nice or could have done it better and so the jury ought to acquit, whether or not guilt has been proved beyond a reasonable doubt." *Id.* at 1347. In the face of this increasing tendency to interject themes of "government misconduct" into a defense strategy, courts routinely

5

have granted motions *in limine* "to bar defendants from presenting evidence or making arguments to the jury suggesting that they should be acquitted because the government engaged in misconduct in the course of its investigation." *United States v. Shields*, 90 CR 1044, 1991 WL 236492, at *3 (N.D. Ill. Aug. 13, 1991); *see also United States v. Finley*, 708 F. Supp. 906, 913-14 (N.D. Ill. 1989) (granting motion *in limine* to preclude evidence "which is not relevant to defendants' guilt but is designed only to persuade the jury that defendants should be acquitted because the government engaged in misconduct during its investigation"); *United States v. Boender*, No. 09 CR 186-1, 2010 WL 811296, at *3 (N.D. Ill. March 3, 2010) ("The Seventh Circuit does not recognize an outrageous government conduct defense: the doctrine is more than moribund-it is stillborn because it never had any life; and it certainly has no support in the decisions of this court, which go out of their way to criticize the doctrine.").

The impropriety of arguing allegations of governmental misconduct to the jury is twofold. One, the "outrageous government conduct" argument affords no defense to a criminal prosecution as a matter of law. *See United States v. Sherman*, 268 F.3d 539, 549-550 (7th Cir. 2001) (providing "defense of outrageous government conduct does not exist in this circuit"); *see also United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995). The Seventh Circuit in *Boyd* held that "outrageous government conduct" is no defense to a criminal charge, and thus the jury should not be exposed to these irrelevant allegations. *Id.* Two, even before the *Boyd* decision, the Seventh Circuit held that the issue of government misconduct was a matter of law for determination

6

by the court: "[T]he issue of outrageous government conduct is not an issue for the jury." *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held that the issue is not a jury question).

Accordingly, the government moves to bar the defense from introducing evidence or argument of outrageous government conduct. Should the defendant plan to elicit evidence or argue during her opening statement or closing argument that the government's conduct was somehow outrageous, wrong, or inappropriate, the government contends that she must first address the matter to the Court beforehand because it is a matter for the Court, and not the jury, to decide. *See United States v. Bontkowski*, 865 F.2d 129, 132 (7th Cir. 1989) (providing that, if the outrageous government conduct defense exists, "it is for the trial court, not the jury, to decide whether government conduct is so outrageous that due process bars the use of the judicial system to obtain a conviction.").

### C. Argument or Questioning about the Motivation for Investigating or Prosecuting this Case

The government moves to preclude evidence or argument by the defense regarding the government's and the investigating agency's motivations for prosecuting the case, including subjective motivations of the agents. Evidence bearing on the government's decision to prosecute is "extraneous and collateral" and thus excluded from trial. *Johnson*, 605 F.2d at 1030; *see also United States v. Berrigan*, 482 F.2d 171, 174-76 (3d Cir. 1973) (affirming exclusion of evidence relating to "discriminatory prosecution"). Inquiries regarding the subjective intentions or motivations of a government agent are irrelevant when making the factual

determination of defendant's guilt or innocence. *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting that, even in the context of an entrapment defense, it was proper for the trial court not to "allow the defense to mount an inquiry into the mental states of the investigating officers since such an inquiry was irrelevant"); *Katz*, 1992 WL 137174, at *7 (granting government's motion *in limine* to preclude inquiry regarding "[t]he subjective intentions or motivations of the agents involved in this case").

Accordingly, the government moves to preclude evidence or argument by the defense regarding the government's and the agency's subjective motivations for investigating or prosecuting the instant case.

### III. THIS COURT SHOULD PRECLUDE REQUESTS FOR OR COMMENTARY CONCERNING DISCOVERY IN THE PRESENCE OF THE JURY.

The Court should bar the defendant from requesting discovery, moving the Court for discovery, or otherwise commenting on discovery matters in the presence of the jury. Addressing discovery issues in front of the jury is inappropriate and may create the impression that one side has suppressed information as a means of seeking an unfair advantage. Discovery requests by the defendant, if appropriate, can easily be made to the government or the Court outside the presence of the jury with no prejudice to either side. See, e.g., *United States v. Gray*, No. 07 CR 166, 2010 WL 1258169, at *3 (N.D. Ind. Mar. 26, 2010) (granting government's motion to preclude the defense from requesting or commenting on discovery in the presence of the jury).

**IV.     THE COURT SHOULD PRECLUDE ARGUMENT EXPLAINING OR DEFINING REASONABLE DOUBT.**

The Court should preclude argument explaining or defining reasonable doubt. Reasonable doubt is a term that should not be defined by the parties. *United States v. Thompson*, 117 F.3d 1033, 1035 (7th Cir. 1997) ("The law is clear in this circuit that it is improper for attorneys to attempt to define the term [reasonable doubt]"). Although the defendant may argue that the government bears the burden of proving her guilt beyond a reasonable doubt, neither party should be permitted to define that term for the jury. *United States v. Glass*, 846 F.2d 386, 386 (7th Cir. 1988) ("Trial counsel may argue that the government has the burden of proving the defendant's guilt 'beyond a reasonable doubt,' but *they may not attempt to define 'reasonable doubt.'*") (emphasis in original); *see also* Committee Comment to Seventh Circuit Pattern Criminal Jury Instruction 1.04.

9

## V. CONCLUSION

WHEREFORE, the government respectfully requests that this Court grant its "Consolidated Motions *in Limine*." In addition, the government requests leave of Court to file additional motions *in limine*, should the need arise as the parties continue to prepare for trial.

                                    Respectfully submitted,

                                    JOHN R. LAUSCH, JR.
                                    United States Attorney

By:   *s/ Tobara S. Richardson*
        TOBARA S. RICHARDSON
        CHRISTINE M. O'NEILL
        Assistant United States Attorneys
        219 S. Dearborn Street
        Chicago, Illinois 60604
        (312) 469-6305